```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF HAWAII
```

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                Plaintiff,<br><br>  vs.<br><br>DESERT PARKWAY BEHAVIORAL<br>HOSPITAL,<br><br>                Defendant. | CIV. NO. 18-00435 LEK |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND
RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

      On November 9, 2018, pro se Plaintiff Ronald Satish Emrit ("Plaintiff") filed his Complaint ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] The Court has considered the Complaint and Application as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In other words, Plaintiff has the Court's permission to file an amended complaint to try to cure the defects in the Complaint. In addition, the Court will reserve ruling on Plaintiff's Application until Plaintiff files his amended complaint.

**BACKGROUND**

Plaintiff alleges he is a resident of Las Vegas, Nevada with a mailing address in Bowie, Maryland. [Complaint at ¶ 4.] According to the Complaint, Defendant Desert Parkway Behavioral Hospital's ("Defendant") principal place of business or "nerve center" is in Las Vegas, Nevada; and Defendant has hospital facilities located throughout the country. [Id. at ¶ 5.] Plaintiff filed the instant matter with this district court, but he alleges jurisdiction and venue are proper in the United States District Court for the Central District of California because there is "complete diversity between the Plaintiff and the three defendants."[1] [Id. at ¶ 8.] Plaintiff also asserts there is subject matter jurisdiction because the case involves a discussion of the Health Insurance Portability and Accountability Act ("HIPAA") and the Affordable Care Act ("ACA"). [Id. at ¶ 9.]

Plaintiff alleges that, in the summer of 2016, he enrolled in the "Partial Hospitalization Program" ("PHP") at Defendant's Las Vegas facility. [Id. at ¶¶ 12-13.] A mental health technician named "Jay" would drive Plaintiff from his residence in Las Vegas to Defendant's facility to participate in the PHP. [Id.] Plaintiff ultimately did not complete the PHP

---

[1] Plaintiff's Complaint only names Defendant Desert Parkway Behavioral Hospital, and does not identify any other defendants.

2

"due to circumstances beyond his control," but nevertheless, alleges he should have been placed in Defendant's Intensive Outpatient Therapy ("IOT") program. [Id. at ¶ 14.] Plaintiff also asserts that, while he was an inpatient at Defendant's facility, he met Shyane Taylor Rios and a social worker named Gloria Medina. At an unspecified point in time, Ms. Medina brought Ms. Rios and Ms. Rios's boyfriend to Plaintiff's Las Vegas residence, causing the lessor of the property, Nicole Rocia Leal-Mendez, to ask Plaintiff to leave. [Id. at ¶¶ 16-19.]

Plaintiff alleges the following claims: breach of contract and unjust enrichment based on Defendant's failure to assign Plaintiff to the IOT program after he failed to complete his PHP ("Count I"); negligence or negligence per se based on having to leave Ms. Leal-Mendez's residence and pay for temporary housing due to the actions of Ms. Rios ("Count II"); [id. at ¶¶ 21-23;] and intentional infliction of emotional distress ("IIED") ("Count III"), presumably upon the same factual allegations set forth above, [id. at pg. 5, Prayer for Relief].

Plaintiff seeks punitive, compensatory, special, and treble damages in the amount of $250,000. [Id. at pg. 6, Prayer for Relief.] Plaintiff appears to seek an additional $250,000 for Defendant's alleged breach of contract, and also an

injunction and/or specific performance to have Plaintiff re-entered into a health care treatment program for individuals with bipolar disorder, schizoaffective disorder, and/or post-traumatic stress disorder. [Id.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, this Court has recognized that the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings.

4

Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

5

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (citation omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

**DISCUSSION**

**I. Venue**

None of the events at issue in this case occurred in the State of Hawai`i. Nor does the Complaint allege that Plaintiff suffered any damages in Hawai`i as a result of Defendant's actions and omissions. Thus, it appears that this district court may not be the proper venue for Plaintiff's claims.

"Venue in federal courts is governed by statute." Spagnolo v. Clark Cty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)). "The plaintiff has the burden of showing that venue is proper in this district." Id. (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)). 28 U.S.C. § 1391(b) provides:

> **Venue in general**. – A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, Defendant is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to" Plaintiff's case. See § 1391(c)(2).

Whether Defendant is subject to this Court's personal jurisdiction with respect to Plaintiff's claims, is based on the following analysis:

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant . . . : "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). "The jurisdictional inquiries under state law and federal due process merge into one analysis" when, as here, the state's long-arm statute is "co-extensive with federal due process requirements." Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). See Cowan v. First Ins. Co. of Hawaii, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment). Accordingly, personal jurisdiction over [the

7

defendant] depends on federal due process requirements.

The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The Due Process Clause requires that defendants have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154; Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws. See Asahi Metal Indus. Co. v. Sup. Court of Cal., Solano County, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In applying Due Process Clause requirements, courts have created two jurisdictional concepts — general and specific jurisdiction.

A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Data Disc, 557 F.2d at 1287 ("If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities."). . . .

> Specific jurisdiction, on the other hand, may be found when the cause of action arises out of the defendant's contact or activities in the forum state. See Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991); Data Disc, 557 F.2d at 1287. To ensure that the exercise of specific jurisdiction is consistent with due process in this particular case, this court must be satisfied that the following have been shown:
>
>> 1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable.
>
> Roth, 942 F.2d at 620-21.

Maui Elec. Co. v. Chromalloy Gas Turbine, LLC, 942 F. Supp. 2d 1035, 1041-42 (D. Hawai`i 2013) (some alterations in Maui Elec.) (footnote omitted).

Based on the allegations in the Complaint, this Court cannot conclude that Defendant is a Hawai`i resident or domiciliary for jurisdictional purposes, or that it has "continuous and systematic" contacts with Hawai`i. See Helicopteros, 466 U.S. at 415 (citation and quotation marks omitted). Thus, this Court concludes that it could not exercise general jurisdiction over Defendant. Further, this Court concludes that it could not exercise specific jurisdiction over Defendant because Plaintiff's claims do not arise out of Defendant's contacts with, or activities in, Hawai`i. Because

9

it could not exercise either general or specific jurisdiction over Defendant, this Court concludes that Defendant is not a Hawai`i resident for purposes of the venue analysis. See § 1391(b)(1).

Additionally, based upon the allegations in the Complaint, this Court cannot find that "a substantial part of the events or omissions giving rise to" Plaintiff's claims occurred in Hawai`i, nor can it find that "a substantial part of property that is the subject of" Plaintiff's claims is located in Hawai`i. See § 1391(b)(2). Finally, § 1391(b)(3) does not apply because Plaintiff arguably could have brought this action in the United States District Court for the District of Nevada where most of the events at issue in this case occurred. This Court therefore CONCLUDES that venue in the District of Hawai`i is improper.

Once a district court determines that a case has been filed in the wrong division or district, it should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d

10

1301, 1305 (9th Cir. 1992)), *report and recommendation adopted as modified*, 2016 WL 3440566 (June 20, 2016).

This Court has examined Plaintiff's claims, and it appears that Plaintiff has filed complaints with other district courts alleging claims identical to those alleged in the instant matter. For example, Plaintiff filed a complaint on June 8, 2018 in the United States District Court for the Central District of California. See Emrit v. Desert Parkway Behavioral Hospital, 2:18-cv-05113-PSG-JEM ("California Action"), dkt. no. 1. The California Action is still pending; however, the district court directed the parties to consider whether the case is appropriate for alternative dispute resolution. California Action, dkt. no. 4. Plaintiff also appears to have filed an identical complaint in the United States District Court for the Southern District of Iowa, Central Division. See Emrit v. Desert Parkway Behavioral Hospital, No. 4-17-cv-339-CRW-HCA ("Iowa Action"), dkt. no. 1. The Iowa district court dismissed Plaintiff's complaint without prejudice based on lack of jurisdiction. See id., Order, filed 9/18/17 (dkt. no. 3). In light of Plaintiff's filings in other districts – particularly in the California Action – this Court CONCLUDES that the interests of justice do not require it to transfer the instant

case instead of dismissing it.  This Court therefore DISMISSES Plaintiff's Complaint based on improper venue.[2]

## II. Leave to Amend

As previously noted, unless amendment is not possible, a pro se plaintiff is entitled to notice of the defects in his complaint and the opportunity to cure the defects by amendment. See Lucas, 66 F.3d at 248.  This Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects identified in this Order by amending the Complaint to: 1) allege facts that would support a conclusion that venue is proper in this district and that this Court would have personal jurisdiction over Defendant; 2) allege facts that would support a conclusion that this Court has subject matter jurisdiction over Plaintiff's claims; and 3) establish that Plaintiff's claims in the instant case are not duplicative of the claims in the California Action.

---

[2] This Court also questions whether it would have subject matter jurisdiction over Plaintiff's claims based on either diversity jurisdiction or federal question jurisdiction. Plaintiff alleges both Defendant's principal place of business and Plaintiff's residence are in Nevada; however, Plaintiff also alleges he intends to move to Ohio, but keeps a mailing address in Maryland.  [Complaint at ¶ 4.]  Thus, it is unclear whether Plaintiff and Defendant are actually "citizens of different States" in order for diversity jurisdiction to apply.  See 28 U.S.C. § 1332(a)(1).  Further, it does not appear that Plaintiff's breach of contract and unjust enrichment, negligence, and IIED claims arise out of either the "Constitution, laws, or treaties of the United States."  See 28 U.S.C. § 1331.

The dismissal of Plaintiff's Complaint must therefore be WITHOUT PREJUDICE.

This Court GRANTS Plaintiff leave to file an amended complaint by **March 30, 2019**. Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **March 30, 2019**, or if the amended complaint fails to cure the defects that this Court has identified in this Order, this Court will dismiss his claims with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this district court, and this Court would direct the Clerk's Office to close the case.

This Court also emphasizes that it has only conducted a preliminary screening of the Complaint, analyzing the issues of venue and personal jurisdiction. This Order makes no finding or conclusions regarding the merits of Plaintiff's claims. If Plaintiff files an amended complaint, this Court will conduct further screening, including – but not limited to – analyzing whether Plaintiff states claims that satisfy the Rule 12(b)(6) standard.

**III. Application**

Insofar as this Court has dismissed the Complaint with leave to amend, this Court finds that it is not appropriate for it to rule on the Application at this time. This Court will therefore RESERVE RULING on the Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Complaint, filed November 9, 2018, is HEREBY DISMISSED WITHOUT PREJUDICE. This Court GRANTS Plaintiff leave to file an amended complaint by **March 30, 2019**. The amended complaint must comply with the terms of this Order.

In light of the dismissal of the Complaint without prejudice, this Court RESERVES RULING on the Application to Proceed in District Court Without Prepaying Fees or Costs, also filed on November 9, 2018, pending Plaintiff's filing of an amended complaint and this Court's screening of the amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 29, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD SATISH EMRIT VS. DESERT PARKWAY BEHAVIORAL HOSPITAL; CV 18-00435 LEK-KJM; ORDER DISMISSING PLAINTIFF'S COMPLAINT AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**