UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>               Plaintiff,<br><br>   vs.<br><br>DESERT PARKWAY BEHAVIORAL<br>HOSPITAL,<br><br>               Defendant. | CIV. NO. 18-00435 LEK |

**ORDER DISMISSING PLAINTIFF'S
FIRST AMENDED COMPLAINT WITH PREJUDICE**

On March 15, 2019, pro se Plaintiff Ronald Satish Emrit ("Plaintiff") filed his Amended Complaint. [Dkt. no. 8.] For the reasons set forth below, the Amended Complaint is hereby dismissed with prejudice. In other words, all of Plaintiff's claims in his Amended Complaint are dismissed, and he does not have leave to file a second amended complaint. Additionally, Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, [filed 11/9/18 (dkt. no. 2),] is denied as moot, and the Clerk's Office is directed to close this case upon entering this Order.

**BACKGROUND**

A summary of the factual background in this matter is set forth in this Court's January 29, 2019 order ("1/29/19 Order"), therefore, only relevant facts will be repeated herein.

[Dkt. no. 6.¹]  In the 1/29/19 Order, this Court dismissed

without prejudice Plaintiff's claims in his original complaint

based on Plaintiff's failure to allege that either venue or

personal jurisdiction over Defendant Desert Parkway Behavioral

Hospital ("Defendant") was appropriate.²  [Id. at 14.]  Plaintiff

was granted leave to amend his complaint, but was warned that he

must allege sufficient facts to establish that: venue and

personal jurisdiction over Defendant are appropriate; this Court

has subject matter jurisdiction over Plaintiff's claims; and

Plaintiff's claims were not duplicative of another action that

appeared to be pending before a federal district court in

California.  [Id. at 12.]  Plaintiff was warned to include "all

of the claims that he wishes to allege, and all of the

allegations that his claims are based upon, even if he

previously presented them in the original Complaint."  [Id. at

13.]

        Plaintiff's Amended Complaint alleges that, in 2016,

he was a patient at Defendant's facility after he experienced

suicidal ideations.  [Amended Complaint at ¶ 22.]  Although he

did not complete his partial hospitalization program ("PHP")

---

        ¹ The 1/29/19 Order is also available at 2019 WL 383993.

        ² The claims alleged in Plaintiff's original complaint
include: breach of contract/unjust enrichment, negligence, and
intentional infliction of emotional distress ("IIED").  [1/29/19
Order at 3.]

"due to circumstances beyond his control," Plaintiff alleges he should have been placed in the intensive outpatient therapy program ("IOP") as an alternative to completing the PHP. [Id. at ¶ 24.] While he was at Defendant's facility, Plaintiff met a patient named "Amibebe," [id. at ¶ 25,] who threatened Plaintiff after he witnessed a verbal altercation between Amibebe and another patient named "Amy." [Id. at ¶¶ 28-29.] Plaintiff alleges he also had a romantic relationship with another patient named "Shyane Taylor Rios," who stayed with Plaintiff for a brief period of time at his personal residence in Las Vegas, Nevada, which he shared with Nicole Rocio Leal-Mendez.[3] [Id. at ¶¶ 30-31.] Plaintiff alleges Ms. Rios damaged Plaintiff's vehicle, and caused a dispute between Plaintiff and Ms. Leal-Mendez, which resulted in Ms. Leal-Mendez asking Plaintiff to leave.[4] [Id. at ¶ 31.]

---

[3] Plaintiff refers to Ms. Leal-Mendez as only "Nicole Mendez" at paragraph 31, however, in other parts of the Amended Complaint, he refers to her as "Nicole Rocio Leal-Mendez." See, e.g., Amended Complaint at ¶¶ 22 & 39.

[4] Plaintiff alleges that the rental payments for the Las Vegas residence were made by the Southern Nevada Regional Housing Authority under the "Section 8 program[,] to O'Harmony Realty." [Amended Complaint at ¶ 32.] It is unclear whether Plaintiff is alleging a new cause of action against a different defendant or if these are allegations in support of his original claims against Defendant. Because Plaintiff was warned to include "all of the claims that he wishes to allege, and all of the allegations that his claims are based upon," [1/29/19 Order at 13,] but he did not add any new claims, his allegations
(continued . . .)

Plaintiff alleges a claim for: breach of contract and unjust enrichment based on Defendant's alleged failure to place Plaintiff in IOP and possibly Plaintiff's loss of housing resulting from his involvement with Ms. Rios ("Count I"); negligence or negligence per se based on Plaintiff's loss of housing caused by Ms. Rios, for which Plaintiff alleges Defendant is vicariously liable ("Count II"); and intentional infliction of emotional distress ("IIED") ("Count III"), presumably upon the same factual allegations set forth above.[5]

## STANDARD

As stated in the 1/29/19 Order, a civil action commenced pursuant to 28 U.S.C. § 1915(a) is subject to mandatory screening, and shall be dismissed if the court determines that the action is "frivolous or malicious[,] fails to state a claim on which relief may be granted" or seeks relief against a defendant who is immune from suit.  § 1915(e)(2)(B).

This district court has stated that

_____

regarding the Southern Nevada Regional Housing Authority are construed as merely factual allegations in support of his breach of contract/unjust enrichment, negligence, and IIED claims.

[5] In the Prayer for Relief, Plaintiff states that he is "seeking damages in the amount of $250,000 . . . against the sole defendant for its commission of the torts of negligence and the intentional infliction of emotional distress."  [Amended Complaint at pg. 10, Prayer for Relief.]  Because pro se pleadings are to be liberally construed, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted), the Court construes this as a claim for IIED.

Dismissal is proper when there is either a
"'lack of a cognizable legal theory or the
absence of sufficient facts alleged.'"  UMG
Recordings, Inc. v. Shelter Capital Partners,
LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting
Balistreri v. Pacifica Police Dep't, 901 F.2d
696, 699 (9th Cir. 1990)).  A plaintiff must
allege "sufficient factual matter, accepted as
true, to 'state a claim to relief that is
plausible on its face.'"  Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009) (quoting Bell Atlantic Corp.
v. Twombly, 550 U.S. 544, 570 (2007)); see also
Weber v. Dep't of Veterans Affairs, 521 F.3d
1061, 1065 (9th Cir. 2008).  This tenet — that
the court must accept as true all of the
allegations contained in the complaint — "is
inapplicable to legal conclusions."  Iqbal, 556
U.S. at 678.  Accordingly, "[t]hreadbare recitals
of the elements of a cause of action, supported
by mere conclusory statements, do not suffice."
Id. (citing Twombly, 550 U.S. at 555); see also
Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
2011) ("[A]llegations in a complaint or
counterclaim may not simply recite the elements
of a cause of action, but must contain sufficient
allegations of underlying facts to give fair
notice and to enable the opposing party to defend
itself effectively.").  "A claim has facial
plausibility when the plaintiff pleads factual
content that allows the court to draw the
reasonable inference that the defendant is liable
for the misconduct alleged."  Iqbal, 556 U.S. at
678 (citing Twombly, 550 U.S. at 556).  Factual
allegations that only permit the Court to infer
"the mere possibility of misconduct" do not show
that the pleader is entitled to relief as
required by [Fed. R. Civ. P.] 8.  Id. at 679.

Emrit v. Sec'y of Haw., CIVIL NO. 17-00504 DKW-RLP, 2018 WL

264851, at *1 (D. Hawai`i Jan. 2, 2018), *appeal dismissed*, No.

18-15224, 2018 WL 2222607 (9th Cir. Apr. 26, 2018).

Plaintiff is pro se; therefore this Court liberally

construes his filings.  See Erickson, 551 U.S. at 94 (citations

omitted); see Johnson v. Lucent Techs., Inc., 653 F.3d 1000, 1011 (9th Cir. 2011) ("Because [the plaintiff] proceeded pro se before the district court, we must construe his complaints liberally even when evaluating it under the Iqbal standard." (citation omitted)).  In this circumstance, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs."  Johnson, 653 F.3d at 1011 (alteration in Johnson) (citation and quotation marks omitted). "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."  Gingery v. City of Glendale, 831 F.3d 1222, 1231 (9th Cir. 2016) (citation and quotation marks omitted).

## DISCUSSION

This Court has screened Plaintiff's Amended Complaint and finds that Plaintiff has not addressed the deficiencies identified in the 1/29/19 Order as to venue and personal jurisdiction.

## I.   Venue and Personal Jurisdiction

The allegations in the Amended Complaint again concern a defendant and events that have nothing to do with the State of Hawai`i.  In the 1/29/19 order, this Court explained that venue is appropriate in a civil action in:

6

> (1) a judicial district in which any defendant
> resides, if all defendants are residents of the
> State in which the district is located;
>
> (2) a judicial district in which a substantial
> part of the events or omissions giving rise to
> the claim occurred, or a substantial part of
> property that is the subject of the action is
> situated; or
>
> (3) if there is no district in which an action
> may otherwise be brought as provided in this
> section, any judicial district in which any
> defendant is subject to the court's personal
> jurisdiction with respect to such action.

[1/29/19 Order at 7 (citing 28 U.S.C. § 1391(b)).] The Amended

Complaint does not allege facts that would allow this Court to

draw the reasonable conclusion that Defendant is a resident of

Hawai`i, or a substantial part of the events occurred in

Hawai`i. The only allegations relating to Hawai`i pertain to

Plaintiff's assertion that he filed the instant action in this

district court

> because he anticipated that he would be moving to
> Oahu or to Waikiki Beach and that it would be
> much easier for him to litigate this issue in
> Hawaii . . . rather than trying to litigate this
> issue in the U.S. District Court of Nevada in Las
> Vegas where the alleged transactions or
> occurrences (t/o's) took place.

[Amended Complaint at ¶ 1.] Plaintiff's intent to move to

Hawai`i is not sufficient to establish either venue or personal

jurisdiction. Section 1391(b)(1) looks to whether all

**defendants** are residents of the same state, and if so, permits

suit to be brought in any district within that state – it does

7

not concern the plaintiff's residence.  Venue is also

inappropriate under § 1391(b)(2) because Plaintiff admits the

events giving rise to the Amended Complaint took place in Las

Vegas, Nevada.  See Amended Complaint at ¶ 1.

Finally, § 1391(b)(3) is inapplicable because

Plaintiff has not alleged sufficient facts to establish that

this Court has personal jurisdiction over Defendant.  The

1/29/19 Order explained that personal jurisdiction may be

established through either general or specific jurisdiction.

[1/29/19 Order at 8-9 (some citations omitted) (citing Maui

Elec. Co. v. Chromalloy Gas Turbine, LLC, 942 F. Supp. 2d 1035,

1041-42 (D. Hawai`i 2013)).]  The former requires a defendant be

either a "resident or domiciliary of the forum state, or that

defendant's contacts with the forum state are continuous,

systematic, and substantial."  [Id. at 8 (some citations

omitted) (citing Helicopteros Nacionales de Colombia, S.A. v.

Hall, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404

(1984)).]  The latter requires the cause of action to "arise[]

out of the defendant's contact or activities in the forum

state."  [Id. at 9 (some citations omitted) (citing Roth v.

Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991)).⁶]

---

⁶ The Court further explained the factors that are applied
when determining whether a defendant may be subject to personal
jurisdiction.  [1/29/19 Order at 9 (some citations omitted)
(citing Roth, 942 F.2d at 620-21).]

The Amended Complaint does not allege sufficient facts to establish that this Court has either general or specific personal jurisdiction over Defendant.  For this same reason, venue under § 1391(b)(3) is inappropriate.  Because Plaintiff failed to plead any facts to cure the defects identified in the 1/29/19 Order related to venue and personal jurisdiction, Plaintiff's Amended Complaint must be dismissed.

## II.  <u>Leave to Amend</u>

Plaintiff was given notice of the deficiencies in his original complaint and was permitted an opportunity to file his Amended Complaint.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action").  This Court cautioned Plaintiff that, if his Amended Complaint failed to cure the defects identified in the 1/29/19 Order, "this Court will dismiss [Plaintiff's] claims with prejudice – in other words, without leave to amend.  Plaintiff would then have no remaining claims in this district court, and this Court would direct the Clerk's Office to close the case."  [1/29/19 Order at 13.]

As noted above, Plaintiff's Amended Complaint does not cure the defects identified in the 1/29/19 Order, therefore the Court still lacks personal jurisdiction over Defendant, and venue remains inappropriate in this judicial district.  Still,

when a court "finds that there is a want of jurisdiction" in a civil action, the court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631.  In this case, the interests of justice would not be served by transferring Plaintiff's Amended Complaint.  First, Plaintiff was given an opportunity to amend his claims, and was expressly warned that his claims would be dismissed with prejudice if he failed to adhere to the directions in the 1/29/19 Order. Second, the Amended Complaint fails to address the Court's concern that it appeared to lack subject matter jurisdiction over Plaintiff's claims in the original complaint.  See 1/29/19 Order at 12 n.2.  Even if Plaintiff's claims were transferred to another federal district court, doing so would be frivolous since "[f]ederal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authority."  See Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).  Finally, Plaintiff has a well-known record of

filing duplicative actions nationwide,[7] and this Court pointed

out that at least one district court had previously dismissed

Plaintiff's near-identical complaint without prejudice, based on

lack of personal jurisdiction.  [1/29/19 Order at 11 (citing

Emrit v. Desert Parkway Behavioral Hospital, No. 4-17-cv-339-

CRW-HCA, Order, filed 9/18/17 (dkt. no. 3)).]

In sum, transferring Plaintiff's case is not in the

interests of justice because Plaintiff: was aware that his

claims would be dismissed with prejudice if his Amended

Complaint did not cure the defects identified in his original

complaint; appears to have ample experience with federal

pleadings requirements;[8] and has had other opportunities to amend

his near-identical pleading before another district court.

Therefore, Plaintiff's Amended Complaint is dismissed with

prejudice based on the lack of personal jurisdiction and

improper venue.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Amended

Complaint, filed March 18, 2019, is HEREBY DISMISSED WITH

---

[7] See, e.g., Emrit, 2018 WL 264851 at *2 n.2 (noting cases
in which Plaintiff has been deemed a vexatious litigant or
subjected to prefiling requirements).

[8] This district court noted that: "Emrit is more than
familiar with his federal court filing and pleading
responsibilities, given his numerous prior actions."  Emrit,
2018 WL 264851 at *2.

PREJUDICE.  In light of the dismissal of the Amended Complaint,

Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs, filed November 9, 2018, is DENIED AS

MOOT.  The Clerk's Office is DIRECTED to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 6, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD SATISH EMRIT VS. DESERT PARKWAY BEHAVIORAL HOSPITAL; CV 18-00435 LEK-KJM; ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE**